UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-198-DLB-CJS

HARALD ZIEGER                                                                  PLAINTIFF

v.                  **REPORT AND RECOMMENDATION**

CARL ZEISS VISION, INC., et al.                                   DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants Carl Zeiss Vision (CZV) and About Talent move to dismiss (R. 16) Plaintiff Harald Zieger's *pro se* complaint (R. 2) for failure to state a claim a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Zieger responded to the motion (R. 28), which he later supplemented (R. 31). Defendants replied (R. 32), and Zieger filed a document which will be accepted as a surreply (R. 33). Accordingly, the matter is ripe for review pursuant to 28 U.S.C. § 636(b). (*See* R. 12). For the reasons discussed, it will be recommended that Defendants' motion to dismiss be **granted**.

I.     BACKGROUND

Zieger filed his complaint in December 2018 alleging the following: About Talent recruited him to work for CZV, which has a manufacturing facility in Hebron, Kentucky. (R. 2, Page ID 6). CZV sent him a letter offering employment as a maintenance engineer on November 9, 2017, which he accepted. (*Id.*). Zieger submitted information concerning his immigration status to Defendants as part of the hiring process. (*Id.*). Zieger discussed a "visa issue" with CZV President Jens Boy, who told Zieger that "there is no problem." (*Id.* at 7). CZV hired Zieger on November 27, 2017, and Zieger left the company that he had been working for to work for CZV. (*Id.* at 7-8).

1

On November 29, 2017, CZV informed Zieger "that there was an immigration status issue."[1] (*Id.* at 8 (capitalization omitted)). On December 1, CZV dismissed Zieger because of the immigration issue. (*Id.* at 9). After Zieger claimed that his dismissal was unlawful, CZV called him back to work on December 4. (*Id.*). On December 13, CZV terminated Zieger because of the immigration issue but stated that it "would sponsor any visa necessary for [Zieger] to get back to work as soon as possible." (*Id.*). During this time, Zieger was unable to return to his former employer because it had replaced him. (*Id.*). CZV and Zieger discussed visa-sponsorship options with a law firm, concluding that "the only reasonable Visa would be the EB-2B, yet that would take approximately 12 to 14 month[s]." (*Id.* at 10). They also discussed the possibility of Zieger working as an independent contractor. (*Id.* at 10-11). On January 22, 2018, CZV informed Zieger that it would not pursue retaining him for employment. (*Id.* at 11). Zieger began looking for and found other employment that "compensates [him] below [his] market value." (*Id.* at 13).

Zieger claims four causes of action, which he lists as follows: 1) duty to mitigate/breach of contract; 2) detrimental reliance; 3) negligent infliction of emotional distress; and 4) punitive damages. (*Id.* at 14-16).

## II.    ANALYSIS

### A.    Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is met when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not contain "detailed factual allegations," but must contain more than

---

[1] The specific immigration issue is not revealed in the complaint.

mere "labels and conclusions." *Id.* Put another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And although Zieger is proceeding pro se, he must still comply with *Iqbal* and *Twombly*'s requirements. *See Balcar v. Jefferson Cty. Dist. Court*, No. 17-5402, 2017 WL 4535934, at *1 (6th Cir. Sept. 8, 2017). Lastly, in reviewing Defendants' motion to dismiss, Zieger's factual allegations are accepted as true and his complaint is construed in a light most favorable to him. *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 407 (6th Cir. 2016).

    **B.**    **Zieger Fails to State a Claim in His Complaint**

        **1.**    **Zieger fails to state a breach-of-contract claim**

Zieger claims that CZV breached a contract with him.[2] (R. 2, Page ID 14). Defendants argue that they had no employment contract with Zieger. (*See* R. 16).

A Kentucky breach-of-contract claim has the following elements: "1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract."[3] *MidAmerican Distrib. v. Clarification Tech., Inc.*, 807 F. Supp. 2d 646, 666 (E.D. Ky. 2011) (quoting *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009)).

Defendants attach the employment offer letter referenced in Zieger's complaint to their motion to dismiss. (R. 16-3, Page ID 68; *see* R. 2, Page ID 6). It provides as follows: "Employment with Carl Zeiss Vision is at the mutual consent of both you and Carl Zeiss Vision

---

[2] To the extent that Zieger seeks to allege a separate claim of "duty to mitigate" he is mistaken because duty to mitigate is a legal doctrine concerning the need to minimize damages and not a standalone cause of action. *See Meade Const. Co. v. Mansfield Commercial Elec., Inc.*, 579 S.W.2d 105, 107 (Ky. 1979).

[3] The parties correctly proceed on the understanding that Kentucky law applies in analyzing Zieger's claims. *See Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.") (quoting *Gasperini v. Ctr. for Humanities*, Inc., 518 U.S. 415, 417 (1996)).

and either you or Carl Zeiss Vision can terminate the employment relationship 'at-will' at any time."[4] (*Id.*). And Zieger concedes that he "is not disputing the 'at-will' nature of the employment agreement." (R. 28, Page ID 98). This is important because "an 'at-will' employment relationship or an offer for 'at-will' employment does not create an enforceable employment contract." *Murton v. Android Indus.-Bowling Green*, LLC, No. 1:13CV-00112-GNS-HBB, 2015 WL 3549817, at *5 (W.D. Ky. June 4, 2015); *see also Steele v. Liberty Life Ins. Co.*, No. 2008-CA-000722-MR, 2009 WL 1562940, at *6 (Ky. Ct. App. June 5, 2009) ("Accordingly, because there is no question of fact in this case concerning whether Steele was an at-will employee, as he freely admitted he was such and he clearly understood the definition of the term, his breach of contract claims cannot stand."); *Noel v. Elk Brand Mfg. Co.*, 53 S.W.3d 95, 99 (Ky. Ct. App. 2000) ("Elk Brand employed Noel 'at will,' and she had no contractual right to continued employment.").

To the extent that Zieger alleges that his conversation with CZV President Jens Boy created an employment agreement or "amounted to a modification of [an] employment agreement," he is mistaken. (R. 28, Page ID 100). Kentucky "only recognize[s] an employee's guarantee of continued employment if there is an express provision clearly stating the intent of the employer to create such a relationship." *Jackson v. JB Hunt Transp., Inc.*, 384 S.W.3d 177, 184 (Ky. Ct. App. 2012). Boy's purported statement that "there [was] no problem" with Zieger's visa cannot be taken as clearly stating an intent to guarantee Zieger continued employment—at most it can be taken to mean that Boy did not see any concerns with hiring Zieger because of his immigration

---

[4] The offer letter can be properly considered without converting the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d) because "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017) (quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

status.[5] Accordingly, because Zieger has not plausibly pled the existence of an employment contract, he has failed to state a claim for breach of contract against CZV.[6] Moreover, to the extent that Zieger intended to assert a breach of contract claim against About Talent, he has likewise failed to plausibly plead facts showing the existence or breach of a contract with it.[7]

### 2. Zieger fails to state a promissory-estoppel claim

Zieger claims "detrimental reliance," which he argues in his construed surreply is not a claim for promissory estoppel because although they "have the same elements to be proven, they have different remedies." (R. 33, Page ID 131). He cites no case law supporting such a distinction under Kentucky law. His claim essentially argues that he detrimentally relied on CZV's offer of employment in quitting his previous employment, which had an unfortunate outcome. (R. 2, Page ID 14). However, the allegations in Zieger's complaint are treated as a claim for promissory estoppel under Kentucky law, and Defendants argue that at-will employees cannot bring promissory estoppel claims. (R. 16-1, Page ID 58-59).

Promissory estoppel provides that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Sawyer v. Mills*, 295 S.W.3d 79, 89 (Ky. 2009), *as modified* (Nov. 2, 2009) (quoting *Meade Constr. Co. v. Mansfield Commercial Elec.*, 579 S.W.2d 105, 106 (Ky. 1979)). Generally,

---

[5] Moreover, this statement was made before the letter offering Zieger employment on an at-will basis.

[6] Even if there was an employment contract, Zieger would not have plausibly pled that the contract was breached by CZV terminating him over the immigration issue because in Kentucky "an employer may discharge an employee for good cause, no cause, or for a cause that some might view as morally indefensible." *Wymer v. JH Props, Inc.*, 50 S.W.3d 195, 198 (Ky. 2001).

[7] Most of the allegations in Zieger's complaint are aimed at CZV.

Kentucky does not recognize promissory estoppel claims by at-will employees because "as an at-will employee, [one has] no employment security to begin with." *Jackson*, 384 S.W.3d at 185; *see also McDonald v. Webasto Roof Sys., Inc.*, 570 F. App'x 474, 477 (6th Cir. 2014) (noting that Plaintiff's "at-will status preclude[d] his promissory estoppel claim"). However, an at-will employee may bring a claim for promissory estoppel if he "can show a specific promise of job security." *Harris v. Burger King*, 993 F. Supp. 2d 677, 691 (W.D. Ky. 2014). Here, Zieger has failed to allege a specific promise from Defendants creating something besides at-will employment and he has thus failed to plausibly plead a promissory-estoppel claim.[8] *See Schlenk v. Goodwill Industries of Kentucky, Inc.*, No. 3:16CV-00601-JHM, 2016 WL 6836945, at *3 (W.D. Ky. Nov. 18, 2016) (dismissing at-will employee's promissory estoppel claim where she only alleged that her employer promised "continued employment" without providing "facts from which a court could infer who made the promise or the nature or substance of the promise").

In his response brief, Zieger cites *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999), arguing, without substantive analysis, that his case is stronger than the plaintiff in that case who prevailed on fraud and promissory estoppel claims.[9] (R. 31, Page ID 117-18). Zieger appears to rely on *Rickert*'s discussion of fraud to assert his own fraud claim. (*See id.*; *see also* R. 33, Page ID 127). However, he cannot do so because a plaintiff cannot raise new claims for the

---

[8] To the extent that Zieger would argue that CZV President Jens Boy's statement about there being no problem with his visa was a specific promise of job security, such an argument would fail for the reasons noted above. *See Brown v. Accenture Fed. Servs.*, No. 15-24-GFVT, 2016 WL 3298543, at *11 (E.D. Ky. June 13, 2016), judgment entered, No. 3:15-CV-24-GFVT, 2016 WL 3249115 (E.D. Ky. June 13, 2016) (noting that employer's promise that plaintiff's "criminal history would not be a barrier to his employment" was "not a specific promise of job security that could be reasonably relied upon").

[9] To the extent that *Zieger* intended to rely on Rickert to support his promissory-estoppel claim, he has failed to offer sufficient argument on this issue. *See Grinter v. Knight*, 532 F.3d 567, 574 n. 4 (6th Cir. 2008) (noting that perfunctory and undeveloped arguments are deemed waived).

6

first time in a response to a motion to dismiss.[10] *See Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 666 (6th Cir. 2012) ("As the district court rightly pointed out, a plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion."); *see also Faber v. Smith*, No. 17-2523, 2018 WL 6918704, at *2 (6th Cir. June 6, 2018), *reh'g denied* (June 28, 2018) ("Faber, however, did not raise any of these claims in the district court until he filed responses to Smith's motion to dismiss. A plaintiff cannot raise new legal claims in response to a dispositive motion filed by the defendant."); *Johnson v. Int'l Labs., LLC*, No. 7:19-CV-0004-GFVT, 2019 WL 1877289, at *2 n. 2 (E.D. Ky. Apr. 26, 2019) (declining to consider argument raised for first time in reply to motion to dismiss); *Richter v. Seterus, Inc.*, No. 15-CV-12874, 2016 WL 8200520, at *2 (E.D. Mich. May 16, 2016) ("A response to a motion to dismiss is the improper forum for asserting a new claim.").

### 3. Zieger fails to state a negligent-infliction-of-emotional-distress claim

Zieger claims that CZV "knew it could not legally hire [him] as an employee (but could as an independent contractor, which Carl Zeiss Vision can legally do, and regularly does), but did anyway, which is an outrage." (R. 2, Page ID 15). He asserts that he has suffered "emotional stresses include[ing], but are not limited to, shock, fright, anxiety, and loss of consortium." (*Id.*). Defendants argue that Zieger failed to plead a duty owed to him and sufficient allegations of severe emotional distress. (R. 16-1, Page ID 61-62).

"Under Kentucky law, negligent infliction of emotional distress is analyzed in accordance with common-law negligence" and requires the following elements: "(1) the defendant owed a duty of care to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Lyttle v. Farley*, No. 6:16-114-KKC-

---

[10] And despite Zieger's apparent assertions, he did not raise a fraud claim in his complaint. (*See* R. 33, Page ID 127).

7

HAI, 2017 WL 3431394, at *6 (E.D. Ky. Aug. 9, 2017) (quoting *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012)). Additionally, "a severe or serious emotional injury" is required. *Osborne*, 399 S.W.3d at 23. "A 'serious' or 'severe' emotional injury occurs where a reasonable person, normally constituted, would not be expected to endure the mental stress engendered by the circumstances of the case. Distress that does not significantly affect the plaintiff[']s everyday life or require significant treatment will not suffice." *Id.* at 17.

Zieger has failed to plausibly plead a claim for negligent infliction of emotional distress. First, he has not alleged a duty CZV (or About Talent) owed him.[11] Moreover, he has not pled "a severe or serious emotional injury." His allegations of "shock," "emotional distress," and "fright" are mere labels and legal conclusions couched as factual allegations, which this Court may ignore. *See Twombly*, 550 U.S. at 555. Moreover, his termination from CZV alone is not enough to plausibly plead this claim. *See Steele v. Liberty Life Ins. Co.*, No. 2008-CA-000722-MR, 2009 WL 1562940, at *6 (Ky. Ct. App. June 5, 2009) ("[M]ere termination of employment or embarrassment for having lost a job is not sufficient to establish the elements of an IIED claim.").

### 4. Zieger's punitive-damages claim is not a cause of action

Zieger is mistaken to the extent that he claims punitive damages as a cause of action. "[A] claim for punitive damages is not a separate cause of action, but a remedy potentially available for

---

[11] To the extent that Zieger asserts that CZV "violated the duty of good faith and fair dealing," this is a contract principle inapplicable to his emotional-distress claim and it fails even to the extent that it would be asserted as part of Zieger's breach-of-contract claim. *See Grisby v. UPS Ground Freight, Inc.*, No. 2007-CA-002401-MR, 2009 WL 1636293, at *3 (Ky. Ct. App. June 12, 2009) ("Furthermore, because Appellant was clearly an at-will employee, there was no covenant of good faith and fair dealing. *See Wyant v. SCM Corporation*, 692 S.W.2d 814, 816 (Ky.App.1985). The duties of good faith and fair dealing arise from a contractual obligation and, in the absence of such contract, no duties exist under Kentucky law.").

another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012). Zieger is not entitled to punitive damages because his other causes of action fail as a matter of law.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, for the above reasons, **IT IS RECOMMENDED** that:

1)   Defendants' Motion to Dismiss (R. 16) **be granted**, and all claims against them **be dismissed with prejudice;** and

2)   that this matter **be dismissed and stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court without fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 31st day of October, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2018\18-198-DLB R&R on MTD.docx