UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-198-DLB-CJS

HARALD ZIEGER                                                      PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

CARL ZEISS VISION, INC., et al.                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Magistrate Judge Candance J. Smith's Report and Recommendation ("R&R") (Doc. # 38), wherein she recommends that Defendants' Motion to Dismiss (Doc. # 16) be granted. Pro se Plaintiff having filed objections to the R&R (Docs. # 39, 44, 48)[1] and Defendants having responded (Doc. # 47), the R&R is now ripe for the Court's review. For the reasons set forth herein, Plaintiff's objections are **overruled**, the R&R is **adopted**, and Defendants' Motion to Dismiss is **granted**.

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

In the fall of 2017, Plaintiff Harald Zieger was recruited by Defendant About Talent to work for Defendant Carl Zeiss Vision, Inc. ("Zeiss Vision") as an engineer. (Doc. # 38 at 1). During the employment negotiations, Zieger, an immigrant, discussed his visa

---

[1] Zieger originally filed objections on November 13, 2019. (Doc. # 39). As part of his objections, Zieger requested additional time to file supplemental objections and to attempt to secure legal representation. *Id.* at 5–6. The Court granted Zieger's request, (Doc. # 40), and on December 20, 2019, Zieger filed a second set of objections, (Doc. # 44). Also on November 13, 2019, Zieger filed a Notice of Appeal to the Sixth Circuit. (Doc. # 41). After the circuit denied the appeal as procedurally improper, (Doc. # 45), the Court again extended the deadline for Zieger to file objections, (Doc. # 46), and Zieger submitted a third and final set of objections, (Doc. # 48).

1

status with Zeiss Vision President Jen Boys. *Id.* Zieger claims that Boys told him that "there is no problem" with his visa status. *Id.* On November 9, 2017, Zeiss Vision sent Zieger a letter offering him employment. *Id.* The offer letter included the following statement:

> Your employment is conditional upon the following items: completion of an application form, the successful passing of a drug screen within 72 hours of accepting this offer and receiving the necessary forms, and the successful passing of a background check. Employment with Carl Zeiss Vision is at the mutual consent of both you and Carl Zeiss Vision and either you or Carl Zeiss Vision can terminate the employment relationship "at-will" at any time.

(Doc. # 16-1 at 3). Zieger accepted Zeiss Vision's employment offer and resigned from the job he was holding. (Doc. # 38 at 1–2). Upon his leaving, Zieger's former employer quickly filled his position. *Id.*

Zieger began working for Zeiss Vision on November 27, 2017. *Id.* at 1. On November 29, 2017, however, Zeiss Vision informed Zieger that there was a problem with his immigration status, and on December 1, 2017, Zeiss Vision dismissed Zieger due to the immigration problem. *Id.* at 2. After Zieger claimed that his termination was unlawful, Zeiss Vision rehired him on December 4, 2017 and attempted to resolve the immigration issue. *Id.* On December 13, 2017, however, Zeiss Vision again terminated Zieger's employment. *Id.* After this second termination, Zieger claims that Zeiss Vision told him that it "would sponsor any visa necessary for [Zieger] to get back to work." (Doc. # 2 at 6). Zeiss Vision and Zieger consulted a law firm about potential visa options and discussed the possibility of Zieger working as an independent contractor; ultimately, however, Zeiss Vision concluded that an agreement was not feasible. (Doc. # 38 at 2). On January 22, 2018, Zeiss Vision conclusively told Zieger that it would not be pursuing any further employment relationship with him. *Id.*

On December 4, 2018, Zieger brought this action against Defendants About Talent—the agency that recruited him—and Zeiss Vision. (Doc. # 2). Zieger brings four claims: breach of contract, detrimental reliance, negligent infliction of emotional distress ("NIED"), and punitive damages. *See generally id.* On March 8, 2019, Defendants filed a Motion to Dismiss. (Doc. # 16). Consistent with local practice, this matter was referred to Magistrate Judge Smith for the purpose of reviewing the Motion, holding any necessary hearings, and preparing an R&R. On October 31, 2019, Judge Smith filed a R&R recommending that the Motion to Dismiss be granted and Zieger's Complaint be dismissed in full. (Doc. # 38).

## II.    ANALYSIS

### A.    Standard of Review

A magistrate judge may be designated to consider and "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a motion to dismiss. 28 U.S.C. § 636(b)(1)(B). Upon the issuance of the Magistrate Judge's R&R, any party may file written objections to any of the findings within the R&R. *Id.* at § 636(b)(1)(C). A district judge must then review de novo any properly-objected-to portions of the R&R. *Id.* at § 636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The objection process "is supported by sound considerations of judicial economy," as "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Only proper objections are considered by the district judge. Objections must be "specific . . . to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). An objection is specific and "preserves an issue when it 'explain[s] and cite[s] specific portions of the report'" which the party considers to be "problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished table decision)). "[T]o the extent the Court can identify specific objections, the Court 'is not required to articulate all of the reasons it rejects a party's objections.'" *Hnatiuk v. Rapelje*, No. 06-13880, 2010 WL 2720881, at *1 (E.D. Mich. July 8, 2010) (quoting *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986) (finding that it was sufficient for the district court, when adopting an R&R, to merely state that it made a de novo review of the record and of all objections to the magistrate's findings and recommendations).

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Additionally, to be considered proper, objections must do more "than state a disagreement with a magistrate's suggested resolution" or restate those arguments that "ha[ve] been presented before." *United States v. Vanover*, No. 2:10-cr-14-DLB-REW-1, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). An objection that "is simply a repetition of what the Magistrate Judge has already considered . . . fails 'to put the Court on notice of any potential errors in the Magistrate's R&R'" and is thus improper. *United*

4

*States v. Bowers*, No. 0:06-cv-7-DLB-REW, 2017 WL 6606860, at *1 (E.D. Ky. Dec. 26, 2017) (quoting *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016)). Finally, objections must be understandable in order to be considered. When objections are so unclear that "even the most perspicacious judge [would have] to guess at [their] meaning . . . the district court judge should not be forced to waste time interpreting such requests." *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A court should, however, construe filings from a pro se litigant liberally, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985), though this requirement is not absolute, *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Such "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf," *Martin*, 391 F.3d at 714, and "pro se parties must still brief the issues advanced 'with some effort at developed argumentation,'" *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999)). Additionally, a pro se petitioner is not exempt from following the rules of the court. *Ashenhust v. Ameriquest Mortg. Co.*, No. 07-13352, 2007 WL 2901416, at *1 (E.D. Mich. Oct. 3, 2007) (citing *McNeill v. United States*, 508 U.S. 106, 113 (1993)) (While "[t]hese [objection] rules are tempered by the principle that *pro se* pleadings are to be liberally construed . . . a *pro se* litigant must still comply with the procedural rules of [the] court."). Given this standard, Zieger's objections will be construed leniently by the Court, but those that are *clearly improper* will not be considered.

**B.     Zieger's Objections**

While Zieger's objections are difficult to follow, they can be categorized into five general categories.  In the first three categories of objections, Zieger objects to Judge Smith's recommendation that each of his three substantive claims—breach of contract, detrimental reliance, and NIED—be dismissed.[2]  Next, Zieger objects to Judge Smith's dismissal of his action *with prejudice*.  Finally, Zieger raises a number of miscellaneous, unspecific objections.  At the outset, however, the Court notes that the majority of Zieger's objections are procedurally improper because they are either vague, repetitive, or unspecific.  While Zieger's objections could be denied on those grounds alone, *see Cole*, 7 F. App'x at 356; *Bowers*, 2017 WL 6606860, at *1, in view of his pro se status, the Court will consider each category of objections in turn out of an abundance of caution.

*1.     Breach of Contract*

First, Zieger objects to Judge Smith's finding that his Complaint fails to state a claim for breach of contract.  Zieger appears to argue that because the Court at this stage of the proceedings must accept all well-pleaded factual allegations in his Complaint to be true, his Complaint plausibly states a claim upon which relief may be granted.  (Doc. # 39 at 1–3).  Instead of explaining why a specific portion of Judge Smith's R&R is problematic, however, Zieger simply re-summarizes the factual allegations put forth in his Complaint, which Judge Smith has already considered.  *Compare, e.g.*, (Doc. # 39 at 2), *with* (Doc. # 2) (appearing to make similar allegations regarding whether Zeiss Vision knew Zieger could legally work as an employee when he was hired).  Zieger then makes the conclusory argument that those allegations alone satisfy the pleading requirement under *Twombly*

---

[2]     As Judge Smith explains, Zieger's claim for punitive damages is not an independent cause of action.  *See* (Doc. # 38 at 8–9).

and *Iqbal*. *See* (Doc. # 39 at 1–3). Moreover, Zieger does not focus the Court's attention on an area of Judge Smith's R&R that he claims is problematic. *See id.* In summary, Zieger's objection to Judge Smith's recommendation that his breach of contract claim be dismissed is improper because it is conclusory, unspecific, repetitive of arguments previously before Judge Smith, and fails to alert the Court to potential errors in Judge Smith's R&R. *Cole*, 7 F. App'x at 356; *Bowers*, 2017 WL 6606860, at *1. Accordingly, Zieger's objection is **overruled**.

Furthermore, even if Zieger's objection was proper, the Court will not overrule Judge Smith's conclusion because Zieger's breach-of-contract claim is indeed meritless. As Judge Smith explained, the factual allegations in Zieger's Complaint cannot satisfy the prima facie case for a breach-of-contract claim. (Doc. # 38 at 3–5). Under Kentucky law, there are three elements to a breach-of-contract claim: "1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract." *MidAmerican Distrib. v. Clarification Tech., Inc.*, 807 F. Supp. 2d 646, 666 (E.D. Ky. 2011) (quoting *Metro. Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009)); *see also Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. Ct. App. 2007). At-will employment, however, "does not create an enforceable employment contract," so an at-will employee cannot bring a breach-of-contract claim. *Murton v. Android Indus.-Bowling Green*, LLC, No. 1:13CV-00112-GNS-HBB, 2015 WL 3549817, at *5 (W.D. Ky. June 4, 2015). Here, Zieger *admits* that he was an at-will employee. (Doc. # 28 at 1). Thus, because Plaintiff admits that he was an at-will employee, *id.*, he cannot succeed on his breach-of-contract claim.[3] Accordingly, to the

---

[3] "Employment in Kentucky is 'at will' unless the parties otherwise agree." *Noel v. Elk Brand Mfg. Co.*, 53 S.W.3d 95, 98 (Ky. Ct. App. 2000). Boys's statement that there was no problem with

7

extent that Zieger's objection to Judge Smith's dismissal of his breach-of-contract claim is procedurally proper, it is **overruled**.

### 2. *Detrimental Reliance/Promissory Estoppel*

Next, Zieger objects to Judge Smith's finding that he failed to state a claim for promissory estoppel. Zieger's objections, however, are repetitive and unspecific. As an initial matter, in his main, overarching objection Zieger argues that he "has never asserted a promissory estoppel claim" and instead is asserting a detrimental reliance claim because he "has never asserted that [Zeiss Vision] owes [Zieger] wages either for work performed, or potential future work." (Doc. # 39 at 3); *see also* (Doc. # 44 at 3–4). This is not Zieger's first attempt to distinguish between promissory estoppel and detrimental reliance. He attempted to do the same before Judge Smith in his Response to Defendants' Motion to Dismiss. *See* (Doc. # 33 at 6). As Judge Smith previously noted, however, Zieger cites "no case law supporting such a distinction [between promissory estoppel and detrimental reliance] under Kentucky law." (Doc. # 38 at 5). Judge Smith correctly explained that under Kentucky law "the allegations in Zieger's complaint are treated as a claim for promissory estoppel." *Id.* Thus, because Zieger's main objection "is simply a repetition of what [Judge Smith] has already considered," it is improper and is **overruled**.[4] *Bowers*, 2017 WL 6606860, at *1.

---

Zieger's visa status, *see* (Doc. # 2 at 4), cannot be interpreted as an agreement to modify Zieger's status as an at-will employee, particularly given that the offer letter Zeiss Vision sent to Zieger after his conversation with Boys explicitly stated that either party could "terminate the employment relationship 'at-will' at any time." (Doc. # 16-3).

[4] In his objections, Zieger cites several cases that he claims "mention detrimental reliance specifically as a cognizable action in Kentucky law." (Doc. # 44 at 3) (citing *Davis v. Siemens Med. Sols. USA, Inc.*, 399 F. Supp. 2d 785 (W.D. Ky. 2005); *Gen. Elec. Co. v. Latin Am. Imports, S.A.*, 227 F. Supp. 2d 685 (W.D. Ky. 2002); *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999); *Kentucky v. Reyes*, 764 S.W.2d 62 (Ky. 1989)). None of the cases Zieger cites,

Additionally, Zieger objects to Judge Smith's dismissal of his promissory-estoppel claim based on his belief that the reasoning of *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999) applies to his case. (Doc. # 39 at 3–4); (Doc. # 44 at 5–6); (Doc. # 48 at 1). Zieger argues that because the plaintiff in *Rickert* was allowed to proceed to trial, he also is entitled to a trial. (Doc. # 39 at 4); (Doc. # 44 at 5–6); (Doc. # 48 at 1). Zieger, however, already attempted to rely on *Rickert* before Judge Smith. *Compare* (Doc. # 39 at 4) (first set of objections), *with* (Doc. # 31 at 4) (Response to Motion to Dismiss), *and* (Doc. # 33 at 3) (Response to Defendants' Reply to Motion to Dismiss). Furthermore, rather than articulate why he believes it is problematic that Judge Smith found *Rickert* to be inapplicable, Zieger merely complains that he "does not understand why Defendants and [Judge Smith], without explanation, dismiss [his] contentions that his case is stronger than *Rickert*'s." (Doc. # 39 at 4). Because an objection must do more than simply state a disagreement with the magistrate judge's finding or repeat arguments already raised before the magistrate, Zieger's specific objection that Judge Smith should have relied on *Rickert* is also improper and therefore **overruled**. See *Bowers*, 2017 WL 6606860, at *1; *Vanover*, 2017 WL 1356328, at *1.

Finally, Judge Smith's findings on the promissory-estoppel claim were correct on the merits. At-will employees, like Zieger, can only bring a claim for promissory estoppel if they demonstrate "a specific promise of job security." (Doc. # 38 at 6) (quoting *Harris v. Burger King Corp.*, 993 F. Supp. 2d 677, 691 (W.D. Ky. 2014); *see also DePrisco v.*

---

however, recognize an *independent* cause of action for detrimental reliance. See *Davis*, 399 F. Supp. 2d at 795 (discussing detrimental reliance as a factor to consider for a promissory estoppel claim); *Latin Am. Imports*, 227 F. Supp. 2d at 685 (no mention of detrimental reliance); *Rickert*, 996 S.W.2d at 469 (discussing detrimental reliance as it relates to plaintiff's fraud claim); *Reyes*, 764 S.W.2d at 64–65 (discussing detrimental reliance as it relates to plea bargaining in a criminal case).

*Delta Air Lines, Inc.*, 90 F. App'x 790, 796 (6th Cir. 2004). Here, there is no evidence that either of the Defendants made Zieger a specific promise of job security. *See* (Doc. # 38 at 6). Accordingly, Zieger cannot bring a claim for promissory estoppel; to the extent that any of his objections to this conclusion are procedurally proper, they are **overruled**.

### 3. *Negligent Infliction of Emotional Distress*

Third, Zieger objects to Judge Smith's dismissal of his NIED claim. Zieger appears to argue that his claim should not be dismissed because Defendants owed him a heightened duty of care. (Doc. # 44 at 4); (Doc. # 48 at 1). Zieger claims that he had a special relationship with the Defendants based on their status as experts in the area of work visas which created this heightened duty of care. (Doc. # 44 at 4); (Doc. # 48 at 1). Zieger, however, never alleged the existence of a special relationship in his Complaint, *see generally* (Doc. # 2), or in his briefings before Judge Smith, *see generally* (Docs. # 31 and 33). Because parties may not raise new arguments in objections to a magistrate's judge's R&R, *see Moore v. United States Dep't of Agric.*, No. 17-5363, 2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)), Zieger's objection is improper and therefore **overruled**.

Furthermore, even if it were proper, as Judge Smith carefully explained in her R&R, Zieger's NIED claim fails on its merits. (Doc. # 38 at 7–8). To succeed on a NIED claim, a plaintiff must prove that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the plaintiff suffered a serious or severe emotional injury, and (4) there was legal causation between the defendant's breach and the plaintiff's injury. *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). Here, Zieger cannot prove either that Defendants owed him a duty of care or that his injury was severe. *See*

(Doc. # 38 at 7–8). In his Complaint, Zieger fails to allege that Defendants owed him a duty,[5] and his allegations of severe emotional distress are conclusory. *See* (Doc. # 2 at 12); (Doc. # 38 at 8). Therefore, to the extent that Zieger's objections to Judge Smith's dismissal of his NIED claim are procedurally proper, they are **overruled**.

### 4. *Dismissal with Prejudice*

Fourth, Zieger objects to Judge Smith's dismissal of his claims with prejudice. Zieger states that dismissal with prejudice "insults" him because Defendants "specifically did not ask for [dismissal with prejudice]" and "[Judge Smith] gives no explanation as to why [she] went beyond the request of Defendants."[6] (Doc. # 39 at 4–5). Zieger argues that dismissal with prejudice "strike[s] at the heart of [his] character" and the "Court is wrong to cast such aspersions on [him]." *Id.* Zieger claims that his case is "not the actions of a person with a depraved heart, as the Court implies by its 'with prejudice' dismissal." *Id.* at 5. With these statements Zieger appears to argue that because he allegedly did not file this action in bad faith, the Court cannot dismiss his case with prejudice. (Doc. # 48 at 2). Zieger's objections, however, are misguided.[7]

---

5  While Zieger does allege that Defendants violated the "duty of good faith and fair dealing," (Doc. # 2 at 12), that contract principle does not apply to a NIED claim, which requires a duty of care, *see Guangzhou Consortium Display Prod. Co. v. PNC Bank, Nat'l Ass'n*, 956 F. Supp. 2d 769, 779 (E.D. Ky. 2013) ("Without a valid contract, the Court cannot assume that a duty of good faith and fair dealing ever arose.").

6  While Zieger claims that "Defendants, in their motion to dismiss, asked the Court to dismiss [his] action *without prejudice*," (Doc. # 39 at 4), it appears that Zieger misconstrues Defendants' argument. Defendants' Motion to Dismiss is silent on whether Zieger's Complaint should be dismissed with or without prejudice. *See generally* (Doc. # 16-1). However, since the general rule is that cases dismissed under FED. R. CIV. P. 12(b)(6) are dismissed with prejudice, *see infra*, Defendants' silence is interpreted by the Court as a request to dismiss Zieger's case with prejudice.

7  Zieger also "respectfully requests from this Court clarification on the topic of With Prejudice." (Doc. # 44 at 7). While the Court construes pro se filings liberally, *see Boswell*, 169

As an initial matter, many of Zieger's objections are improper because they merely "state a disagreement with a magistrate's suggested resolution." *Vanover*, 2017 WL 1356328, at *1; s*ee, e.g.*, (Doc. # 39 at 4) ("Dismissing an action with prejudice insults [Zieger]"); (Doc. # 48 at 2) ("[T]o dismiss [with prejudice] is an injustice."). Additionally, the objections are meritless because Zieger misstates the legal standard for dismissal with prejudice. Zieger appears to argue that because he has not brought his claims in bad faith, the Court cannot dismiss his case with prejudice. (Doc. # 48 at 2). However, a claim may be dismissed, with prejudice, for failure to state a claim even if the claim was not brought in bad faith. "Unless stated otherwise in a dismissal order, a dismissal under Federal Rule of Civil Procedure 12(b)(6) is an adjudication on the merits." *Layer-Rosario v. Allied Mortg. Capital Corp.*, No. 17-5468, 2018 WL 1989636, at *3 (6th Cir. Jan. 9, 2018) (citing FED. R. CIV. P. 41(b)). "Adjudication on the merits equates to a dismissal with prejudice." *Id.* (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001)).

Put another way, the general rule under FED. R. CIV. P. 12(b)(6) is to dismiss a case with prejudice; only exceptional cases are dismissed *without* prejudice. *Id.* Dismissal with prejudice is appropriate if the plaintiff cannot meet a necessary element of his claim. *See, e.g.*, *Layer-Rosario*, 2018 WL 1989636, at *3 (dismissal with prejudice was proper when amendment to the complaint would be futile); *Westfield Ins. Co. v. Appleton*, 132 F. App'x 567, 578 (6th Cir. 2005) (dismissal with prejudice was proper when plaintiff failed to satisfy a condition precedent).

---

F.3d at 387, the Court cannot issue advisory opinions. *Flast v. Cohen*, 392 U.S. 83, 96–97 (1968). Thus, the Court will not provide Zieger with an abstract explanation of "the topic of With Prejudice" and will constrain its analysis to how the law applies to this case.

Here, Judge Smith properly dismissed Zieger's claims with prejudice because Zieger cannot prove essential elements of each of his claims. *See supra*. Zieger cannot succeed on his breach-of-contract claim because he was an at-will employee. *See supra*, Section II.B.1. Zieger's promissory-estoppel claim fails because he was an at-will employee and cannot show that Defendants offered him a specific promise of job security. *See supra*, Section II.B.2. Finally, Zieger has not plausibly pled a NIED claim because he has not shown that Defendants owed him a duty or that he suffered severe emotional distress. *See supra*, Section II.B.3. Because Zieger cannot prove essential elements of each of his claims, Judge Smith properly found that his claims—and ultimately the entire case—should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Accordingly, Zieger's objections to Judge Smith's recommendation to dismiss his case with prejudice are **overruled**.[8]

### 5. *Improper Miscellaneous Arguments*

Finally, Zieger raises a number of objections that are not specific to Judge Smith's R&R. While the Court could overrule these objections simply because they fail to specifically object to Judge Smith's R&R, *Cole*, 7 F.App'x at 356, in view of Plaintiff's pro se status, the Court will briefly address each objection out of an abundance of caution.

---

[8] Zieger also objects to dismissal with prejudice on the grounds that he someday may wish to bring additional claims against Defendants, including a qui tam action. (Doc. # 44 at 9); (Doc. # 48 at 2). The possibility that Zieger may want to file additional claims at some point in the future is unspecific and improper, however, as it fails to alert the Court as to why the magistrate judge's ruling is problematic. *See Robert*, 507 F.3d at 994 (objections must be specific to the magistrate judge's R&R). If Zieger wished to bring additional claims, he could have attempted to do so through FED. R. CIV. P. 15. To the extent that Zieger is attempting to raise a potential qui tam action for the first time in his objections, that is also improper. *See Waters*, 158 F.3d at 936 (finding that issue raised for the first time in objections to a magistrate's R&R are deemed waived).

### a. Rule 8

First, Zieger appears to argue that his case should not be dismissed because Defendants have failed to comply with FED. R. CIV. P. 8(b). (Doc. # 44 at 6–7). Zieger's objection, however, merely repeats arguments he presented before Judge Smith. *Compare* (Doc. # 33 at 3–4) (arguing that Defendants "have defaulted under Rule 8(b)(6)"), *with* (Doc. # 44 at 6–7) (claiming that "Defendants have not denied [Zieger's] facts or allegations, and therefore, by Rule 8(b)(6), Defendants have admitted [Zieger's] facts and allegations"). An objection must do more than restate arguments that "ha[ve] been presented before." *Vanover*, 2017 WL 1356328, at *1. Because Zieger's objection repeats an argument already considered by Judge Smith, it is improper and is **overruled**.

### b. Standard of Review

Zieger also objects that Judge Smith R&R "mentions a case involving summary judgment." (Doc. # 44 at 5). While this objection could be overruled as vague and conclusory, *Cole*, 7 F. App'x at 356, Zieger's comment could be liberally construed as an objection to the standard of review used by Judge Smith. After reviewing Judge Smith's R&R, however, the Court concludes the Judge Smith accurately applied the proper standard of review to Defendants' Motion to Dismiss. *See* (Doc. # 38 at 2–3). For example, when describing the proper standard of review, Judge Smith clearly explained that "[t]o survive a Rule 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 2 (quoting *Iqbal*, 556 U.S. 662, 678 (2009)). Thus, Zieger's objection to the standard of review applied by Judge Smith is **overruled**.

### c. Discovery Request

Zieger also objects to "not being afforded the opportunity to use discovery." (Doc. # 39 at 5); *see also* (Doc. # 48 at 1) (claiming that "Defendants, and this Court, seek to remove from [Zieger] the opportunity to prove his claims via the discovery process"). However, "[a] plaintiff is not entitled to discovery before a motion to dismiss." *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013). In fact, one of the purposes of motions to dismiss is to "protect defendants from expending resources on costly discovery for cases that will not survive summary judgment." *Id.* Because Zieger's Complaint failed to state a claim upon which relief may be granted, he is not entitled to proceed to the discovery process. *Id.* Accordingly, Zieger's objection to the dismissal of his case before the discovery stage is **overruled**.

### d. Legal Representation

Finally, Zieger raises questions about his right to legal representation. Zieger claims that "this Court has found as a fact, that [Zieger] agreed to use Defendants' lawyers in this matter" and "asks Defendants and this Court, who his lawyers are, so that [he] may communicate with them." (Doc. # 48 at 1–2); *see also* (Doc. # 44 at 4) ("[T]he Court, in its dismissal, recognizes that [Zieger] retained the services of [Zeiss Vision] attorneys."). Zieger alleges that his lawyers have never communicated with him and suggests that his lawyers therefore may have violated the professional rules of responsibility. (Doc. # 48 at 1–2). Zieger also claims that by dismissing his "case with prejudice, and citing case-law not previously discussed, as a practical matter, [Judge Smith] deprives [Zieger] of the right to counsel" under the Sixth Amendment. (Doc. # 39 at 5).

15

Zieger's objections concerning his legal representation, however, are meritless. While Judge Smith in her R&R described how Defendants and Zieger "discussed visa-sponsorship options with a law firm," *see* (Doc. # 38 at 2), there is no evidence that Zieger agreed to use Defendants' lawyers *in this matter*. See (Doc. # 38 at 2). To the contrary, Zieger acknowledges that he has been representing himself throughout this legal action. (Doc. # 39 at 1) ("[Zieger] is ProSe, which is undisputed."); (Doc. # 44 at 2) ("[Zieger] asks this Court to allow him to proceed ProSe."). It appears that Zieger may believe that because he consulted the same law firm as Zeiss Vision about acquiring a work visa, the law firm must also represent him in this action. The law firm who advised Zieger and Zeiss Vision in the previous immigration matter, however, is not obligated to represent Zieger in this employment-law action. Most legal representations are for a limited scope and end when the objective of the representation is accomplished. *See Osborn v. Griffin*, No. 2:11-cv-89-WOB-CJS, 2012 WL 12924812, at *4 (E.D. Ky. 2012) ("[W]hen the [legal] representation pertains only to specified matters, the relationship ends at the conclusion of that matter."). There is no indication in the filings that the law firm was representing Zieger in anything other than the limited scope of his immigration matter. Additionally, Zieger has not been deprived of his constitutional rights under the Sixth Amendment because there is no Sixth Amendment right to counsel in civil cases. *Turner v. Rogers*, 564 U.S. 431, 441 (2011) ([T]he Sixth Amendment does not govern civil cases."). Therefore, Zieger's objections related to his lack of legal representation in this matter are **overruled**.

### III. CONCLUSION

In sum, Zieger fails to raise any specific, discernable, or meritorious legal objections to Judge Smith's R&R. Additionally, the Court has reviewed the entirety of Judge Smith's R&R and finds that Judge Smith's analysis and conclusions are sound in all respects. Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Docs. # 39, 44, and 48) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 38) is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court;

(3) The Defendants' Motion to Dismiss (Doc. # 16) is hereby **GRANTED**;

(4) This matter be and is hereby **DISMISSED AND STRICKEN** from the Court's active docket; and

(5) A separate **Judgment** will be filed concurrently herewith.

This 20th day of March, 2020.



Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\Cov2018\18-198 Order Adopting R&R.docx